## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

AMERICAN LODGING, INC.,                          Civil Action No.:

     Plaintiff,

v.

ARCH SPECIALTY INSURANCE COMPANY,

     Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

**COMES NOW** AMERICAN LODGING, INC., by and through its undersigned counsel, and hereby submit this its Complaint against Defendant, ARCH SPECIALTY INSURANCE COMPANY, and in support of its Complaint, alleges and avers as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking economic and non-economic damages arising from Defendant's breach of contract, bad faith conduct, and unreasonable delay and denial in the payment of covered benefits due and owing under Plaintiff's first-party insurance contract.

### PARTIES

2.     American Lodging, Inc. ("Plaintiff" or "American Lodging") is a Missouri Corporation with its principal office in Independence, Missouri.

3.     Defendant, Arch Specialty Insurance Company ("Arch"), is a Nebraska corporation with its home office located at 10306 Regency Parkway Drive, Omaha, Nebraska 68113, and is authorized to conduct insurance business in the State of Colorado.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property which is the subject of the claim and the adjustment of the claim occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

5.      American Lodging is the owner of real property located at 10101 I-70 Service North Road, Wheat Ridge, Colorado 80033 ("Property").

6.      American Lodging purchased a Commercial Property Policy of insurance from Arch Specialty Insurance Company under Policy Number ESP 7303527-00 (the "Policy"). A copy of the Policy has been attached hereto as **Exhibit "A."**

7.      The Policy provides $29,589,000.00 in Building property damage coverage for the Property.

8.      The Policy includes Building Ordinance and Law coverage for American Lodging's Property.

9.      The Policy was issued with effective dates of January 1, 2017, through January 1, 2018.

10.      The Policy is an all-risk policy of insurance.

11.      The Policy is a replacement cost value policy and covers loss to the Property.

12.      The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

13.      The Policy does not include a cosmetic exclusion.

14.     The Policy does not require that the Property sustain functional damage for coverage to be afforded to covered property at the premises caused by or resulting from any covered cause of loss.

15.     Under the Policy, Arch Specialty Insurance Company agreed to adjust all losses with American Lodging fairly and timely.

16.     American Lodging paid the premiums due under the Policy in a timely manner, and performed all duties and responsibilities required of them under the Policy.

17.     On or about May 8, 2017, during the Policy period, American Lodging suffered a loss at the Property due to hail.

18.     The damage from the hail constituted a covered loss under the Policy.

19.     American Lodging timely reported the covered loss and damage to Arch Specialty Insurance Company, and made a claim for the loss and damage to the Property.

20.     Arch Specialty Insurance Company assigned Claim Number 13063550 to the Property loss.

21.     Arch Specialty Insurance Company assigned an adjuster, Michael J. Cipollo, to investigate and adjust American Lodging's claim for loss to the Property resulting from the hail storm occurring on May 8, 2017.

22.     Arch Specialty Insurance Company retained, Todd Clirehugh of Engle Martin & Associates, to assist in the investigation and adjustment of American Lodging's claim for loss to the Property resulting from the hail storm occurring on May 8, 2017.

23.     On or about May 17, 2017, Todd Clirehugh performed a site inspection of the Property.

24.     Todd Clirehugh did not determine the number of layers of the Property's roofing system during his inspection of the Property on May 17, 2017.

25.     Todd Clirehugh did not determine the applicable building codes and ordinances during his inspection of the Property on May 17, 2017.

26.     On or about May 31, 2017, Todd Clirehugh provided American Lodging with an estimate outlining only $176,081.85 in replacement cost value covered damages ("Clirehugh Estimate"). A copy of the Clirehugh Estimate has been attached hereto as **Exhibit "B."**

27.     The Clirehugh Estimate provided for the same three-line items to each of the Property's damaged roofing systems:

  (a)     Removal and replacement of single ply membrane – mechanically attached 45 mil
  (b)     Remove additional charge for high roof (2 stories or greater)
  (c)     Additional charge for high roof (2 stories of greater)

28.     The Clirehugh Estimate failed to provide for many roofing removal items, including:

  •       Removal of 0.25" glass mat gypsum
  •       Removal of modified bitumen roofing
  •       Removal of 0.50" fiberboard

29.     The Clirehugh Estimate failed to provide for the removal or replacement of gravel ballast from any of the damaged roofing systems.

30.     The Clirehugh Estimate failed to provide for any plumbing requirements, including the detachment and resetting of affected piping.

31.     The Clirehugh Estimate failed to provide for any damages to the Property's mechanical units.

32.     The Clirehugh Estimate failed to provide for any edge details, including:

  •       Removal and replacement of flash parapet wall

- Removal and replacement of aluminum termination bar/flashing for membrane roofs
- Removal and replacement of apron counterflashing
- Removal and replacement of large cap flashing
- Removal and replacement of PVC/TPO curb flashing
- Detachment and resetting of downspouts

33.     The Clirehugh Estimate failed to provide for any penetrations, including:

- Removal and replacement of pipe jack flashing
- Removal and replacement of cast iron 2"-6" outlet roof drains
- Removal and replacement of galvanized pitch pans

34.     The Clirehugh Estimate failed to provide for any necessary equipment, including a telehandler/forklift and operator.

35.     The Clirehugh Estimate failed to provide for any safety or project management, including:

- commercial supervision or project management
- temporary fencing
- job-site cargo/storage container

36.     The Clirehugh Estimate failed to provide for any cleaning of the interior of the Property.

37.     Due to the complexity of the repairs outlined in the Clirehugh Estimate, it is reasonably likely that American Lodging would require the services of a general contractor to complete the repairs outlined in the Clirehugh Estimate.

38.     Despite the complexity of the repairs outlined in the Clirehugh Estimate, the Clirehugh Estimate failed to provide for general contractor overhead and profit.

39.     The Clirehugh Estimate failed to provide for any code upgrades.

40.     The Clirehugh Estimate failed to adhere to local building codes and ordinances of Jefferson County, Colorado.

41.    The Clirehugh Estimate failed to adhere to local building codes and ordinances of Wheat Ridge, Colorado.

42.    The Clirehugh Estimate failed to adhere to the International Energy Conversation Code (IECC).

43.    The Clirehugh Estimate failed to adhere to the International Building Code (IBC).

44.    In adopting the Clirehugh Estimate, Arch Specialty Insurance Company delayed and denied the payment of covered benefits to its insured without a reasonable basis.

45.    Each of the items identified in Paragraphs 28 – 38 were agreed to by Arch Specialty Insurance Company some six months later in November 2017, resulting in the delay and denial of covered benefits in the amount of $351,687.47 without a reasonable basis.

46.    Similarly, Arch Specialty's agreed to adhere to local building codes and ordinances in November 2017, resulting in the delay and denial of approximately $234,700.40 without a reasonable basis.

47.    Arch Specialty Insurance Company's failure to provide general overhead and profit within its first damage estimate resulted in the delay and denial of covered benefits without a reasonable basis.

48.    On or about August 9, 2017, American Lodging retained Insurance Adjusters Group, LLC ("IAG"), a Colorado licensed public adjuster, to assist with the investigation and adjustment of its claim for covered damages resulting from the hail storm that occurred on May 8, 2017.

49.    On or about September 5, 2017, American Lodging's representative, IAG, provided Arch Specialty Insurance Company with American Lodging's damage estimate which outlined $4,024,915.99 in replacement cost value covered damages resulting from the hail storm that

occurred on May 8, 2017. A copy of American Lodging's Damage Estimate is attached hereto as **Exhibit "C."**

50.     On or about September 5, 2017, American Lodging's representative, IAG, provided Arch Specialty Insurance Company with American Lodging's executed Proof of Loss which identified $4,024,915.99 in covered loss and damage to the Property. A copy of American Lodging's Executed Proof of Loss is attached hereto as **Exhibit "D."**

51.     On or about September 7, 2017, American Lodging's representative, IAG, requested that Arch Specialty Insurance Company confirm receipt of American Lodging's damage estimate and executed proof of loss.

52.     On or about October 11, 2017, American Lodging's representative, IAG, for a second time, requested that Arch Specialty Insurance Company confirm receipt of American Lodging's damage estimate and executed proof of loss.

53.     On or about October 11, 2017, Arch Specialty Insurance Company's representative, Todd Clirehugh of Engle Martin & Associates, advised American Lodging that American Lodging's damage estimate and executed proof of loss had not yet been reviewed by Arch Specialty Insurance Company.

54.     Arch Specialty Insurance Company's failure to timely review American Lodging's damage estimate and executed proof of loss resulted in the delay and denial of covered benefits without a reasonable basis.

55.     On or about November 21, 2017, Arch Specialty Insurance Company retained Young & Associates to provide an estimate of damages to the Property resulting from the hail storm that occurred on May 8, 2017.

56.     Shortly thereafter, American Lodging contacted Shamrock Roofing & Construction ("Shamrock Construction"), a Colorado licensed general contractor, to provide an estimate to repair the Property to its pre-May 8, 2017 condition.

57.     On or about February 8, 2018, American Lodging provided Arch Specialty Insurance Company with Shamrock Construction's estimate which outlined replacement cost value covered damages in the amount of $2,984,692.90. A copy of the Shamrock Construction Estimate is attached hereto as **Exhibit "E."**

58.     On or about February 13, 2018, Arch Specialty Insurance Company provided American Lodging with a copy of an estimate created by Young & Associates which outlined replacement cost value covered damages in the amount of $762,469.72. A copy of the Young & Associates Estimate is attached hereto as **Exhibit "F."**

59.     In adopting the Young & Associates Estimate, Arch Specialty Insurance Company agreed to an additional $586,387.87 in replacement cost value covered damages not provided for in its initial estimate in May 2017.

60.     More specifically, Arch Specialty Insurance Company's failure to provide for the removal and replacement of gravel ballast from any of the damaged roofing systems within its first damage estimate resulted in the unreasonable delay of approximately $6,382.44 in covered benefits without a reasonable basis.

61.     More specifically, Arch Specialty Insurance Company's failure to provide for any plumbing requirements within its first damage estimate, including the detachment and resetting of affected piping, resulted in the unreasonable delay of approximately $7,797.90 in covered benefits without a reasonable basis.

62.     More specifically, Arch Specialty Insurance Company's failure to provide for any damages to the Property's mechanical units within its first damage estimate resulted in the unreasonable delay of approximately $5,867.80 in covered benefits without a reasonable basis.

63.     More specifically, Arch Specialty Insurance Company's failure to provide for any edging details within its first damage estimate resulted in the unreasonable delay of approximately $103,788.93 in covered benefits without a reasonable basis.

64.     More specifically, Arch Specialty Insurance Company's failure to provide for any penetrations within its first damage estimate resulted in the unreasonable delay of approximately $27,499.35 in covered benefits without a reasonable basis.

65.     More specifically, Arch Specialty Insurance Company's failure to provide for the removal of any glass mat gypsum within its first damage estimate resulted in the unreasonable delay of approximately $13,674.54 in covered benefits without a reasonable basis.

66.     More specifically, Arch Specialty Insurance Company's failure to provide for the removal of any modified bitumen roofing within its first damage estimate resulted in the unreasonable delay of approximately $10,074.77 in covered benefits without a reasonable basis.

67.     More specifically, Arch Specialty Insurance Company's failure to provide for the removal of any fiberboard within its first damage estimate resulted in the unreasonable delay of approximately $14,284.32 in covered benefits without a reasonable basis.

68.     Arch Specialty Insurance Company's failure to include covered damages outlined in Paragraphs 59 – 67 within its first estimate, resulted in the delay of $586,387.87 in covered benefits without a reasonable basis.

69.     Despite objective evidence of additional covered damage to the Property, Arch Specialty Insurance Company continues to deny American Lodging's claim for loss to the Property resulting from the hail storm occurring on May 8, 2017.

70.     Despite being presented with two comprehensive estimates from IAG and Shamrock Construction, Arch Specialty Insurance Company refuses to indemnify its insured as required under the terms of the Policy.

71.     Arch Specialty Insurance Company's continued refusal to indemnify its insured has resulted in the delay and denial of over $2,000,000.00 in covered benefits without a reasonable basis.

72.     American Lodging has fulfilled all duties required of it under the Policy after discovery of the loss.

73.     American Lodging has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Arch Specialty Insurance Company.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

74.     American Lodging realleges and reaffirms Paragraphs 1-73 as if fully set forth herein.

75.     American Lodging purchased an all risk policy requiring Arch Specialty Insurance Company to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

76.     The Policy between American Lodging and Arch Specialty Insurance Company is a binding contract.

77.      American Lodging paid premiums and otherwise performed all conditions precedent to recovery of benefits under its Policy with Arch Specialty Insurance Company.

78.      Arch Specialty Insurance Company has denied certain covered damages.

79.      Arch Specialty Insurance Company continues to delay certain covered damages.

80.      Arch Specialty Insurance Company continues to deny certain covered damages.

81.      Arch Specialty Insurance Company has refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy had been carried out and accomplished by American Lodging.

82.      Arch Specialty Insurance Company's failure to honor its obligations under the Policy is a breach of contract.

83.      Arch Specialty Insurance Company's breach of contract has damaged, and continues to damage American Lodging.

84.      American Lodging is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, American Lodging, Inc., respectfully requests this Court enter judgment against, Defendant, Arch Specialty Insurance Company, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

85.      American Lodging realleges and reaffirms Paragraphs 1-84 as if fully set forth herein.

86.      Under the Policy and Colorado law, Arch Specialty Insurance Company owes its insured the duty of good faith and fair dealing.

87.     An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices.

88.     Arch Specialty Insurance Company sold American Lodging the Policy at issue, the intent of which was to provide coverage for loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

89.     Arch Specialty Insurance Company knew that American Lodging purchased the Policy to protect its Property in the event of a loss.

90.     Arch Specialty Insurance Company owed American Lodging the non-delegable duty to investigate its claim objectively and not look for ways to deny benefits or attempt to not pay the full amount owed.

91.     Arch Specialty Insurance Company owed American Lodging the duty to give equal consideration to the financial interests of American Lodging, and not give greater consideration to its own financial interests while investigation and adjusting American Lodging's claim.

92.     Arch Specialty Insurance Company failed to interpret its insurance policy reasonably.

93.     Arch Specialty Insurance Company failed to resolve doubts concerning insurance coverage in favor of the policyholder.

94.     Arch Specialty Insurance Company failed to evaluate the reports received from its consultants to determine whether the consultant had conducted the necessary investigation of the claim.

95.     Arch Specialty Insurance Company knew that its decision to underpay benefits owed to American Lodging was intentional and not accidental.

96.     Arch Specialty Insurance Company failed to treat American Lodging's interests with equal regard to its own.

97.     Arch Specialty Insurance Company failed to conduct a full, fair, and prompt investigation of American Lodging's claim.

98.     Arch Specialty Insurance Company failed to objectively evaluate American Lodging's claim based on all available evidence, and not just evidence which Arch Specialty Insurance Company believed supported its position.

99.     Arch Specialty Insurance Company improperly denied American Lodging's claim by providing a damage estimate that did not provide for any required code upgrades.

100.    Arch Specialty Insurance Company improperly denied American Lodging's claim by providing a damage estimate that did not adhere to local building codes and ordinances of Jefferson County, Colorado.

101.    Arch Specialty Insurance Company improperly denied American Lodging's claim by providing a damage estimate that did not adhere to local building codes and ordinances of Wheat Ridge, Colorado.

102.    Arch Specialty Insurance Company improperly denied American Lodging's claim by providing a damage estimate that did not adhere to the International Energy Conversation Code (IECC).

103.    Arch Specialty Insurance Company improperly denied American Lodging's claim by providing a damage estimate that did not adhere to the International Building Code (IBC).

104.    Arch Specialty Insurance Company improperly denied American Lodging's claim by pressuring American Lodging into using its preferred consultant in an effort to effectuate a deceptively low settlement.

105.    Arch Specialty Insurance Company improperly denied American Lodging's claim by failing to examine and question its retained consultant's reports to assure that they contained all opinions necessary to properly evaluate the claim.

106.    Arch Specialty Insurance Company improperly denied American Lodging's claim by failing to examine and question its retained consultant's reports to assure that they were based on all relevant and available evidence.

107.    Arch Specialty Insurance Company representatives, including Michael J. Cipollo, received income-based compensation to quickly close American Lodging's claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

108.    Arch Specialty Insurance Company representatives, including Michael J. Cipollo, received income-based compensation to reduce claims payments made to American Lodging on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

109.    Arch Specialty Insurance Company improperly set claims handling goals to reduce the amount paid on claims, including American Lodging's claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

110.    Arch Specialty Insurance Company improperly delayed American Lodging's claim to reduce overall claims payments.

111.    Arch Specialty Insurance Company improperly delayed American Lodging's claim to increase profits.

112.    Arch Specialty Insurance Company improperly delayed American Lodging's claim to maintain its loss ratio.

113.    Arch Specialty Insurance Company improperly delayed American Lodging's claim to meet department goals.

114.    Arch Specialty Insurance Company improperly delayed American Lodging's claim by providing financial incentives to its personnel, including Michael J. Cipollo, to influence claims handling.

115.    Arch Specialty Insurance Company improperly delayed American Lodging's claim to reduce the average amount paid on overall claims.

116.    Arch Specialty Insurance Company's conduct in the handling of American Lodging's claim demonstrates that Arch Specialty Insurance Company was focused on benefiting itself to the detriment of American Lodging.

117.    Arch Specialty Insurance Company has committed unfair settlement practices, including, but not limited to:

        (a)    Arch Specialty Insurance Company has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

        (b)    Arch Specialty Insurance Company has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

        (c)    Arch Specialty Insurance Company refused to pay claims without conducting a reasonable investigation based upon all available information;

        (d)    Arch Specialty Insurance Company has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

        (e)    Arch Specialty Insurance Company has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

        (f)    Arch Specialty Insurance Company has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

        (g)    Arch Specialty Insurance Company encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

118.     As a direct and proximate result of Arch Specialty Insurance Company action, American Lodging has:

(a)     Incurred increased costs to repair, restore and/or replace the significant property damage that was caused by loss or damaged resulting from a hail storm occurring on May 8, 2017;

(b)     Suffered damages as a proximate result of the misconduct alleged; and

(c)     Suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory gees, and other losses.

**WHEREFORE**, Plaintiff, American Lodging, Inc., respectfully requests this Court enter judgment against Defendant, Arch Specialty Insurance Company, for damages resulting from its breach of its duty of good faith and fair dealing, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF
### (Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)

119.     American Lodging re-alleges and reaffirms Paragraphs 1-118 as though fully set forth herein.

120.     Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

121.     Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

122.     American Lodging is a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

123.    American Lodging suffered a loss covered by the Policy and submitted a claim for that loss to Arch Specialty Insurance Company.

124.    The claimed loss and damage submitted by American Lodging was covered by the Policy and American Lodging was owed covered benefits under the Policy.

125.    Arch Specialty Insurance Company delayed payment of covered benefits without a reasonable basis for its actions.

126.    Arch Specialty Insurance Company denied payment of covered benefits without a reasonable basis for its actions.

127.    Arch Specialty Insurance Company has unreasonably delayed covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of American Lodging's Complaint.

128.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

129.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate without having documented a reasonable investigation based upon all information.

130.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate that did not provide for any required code upgrades.

131.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate that that did not adhere to local building codes and ordinances of Jefferson County, Colorado.

132.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate that did not adhere to local building codes and ordinances of Wheat Ridge, Colorado.

133.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate that did not adhere to the International Energy Conversation Code (IECC).

134.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate that not adhere to the International Building Code (IBC).

135.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate that failed to include general contractor overhead and profit.

136.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate which did not include all covered damages.

137.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a first damage estimate that delayed the payment $586,387.87 in covered benefits, outlined in Paragraphs 59 – 67, without a reasonable basis.

138.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by pressuring American Lodging into using its preferred consultant in an effort to effectuate a deceptively low settlement.

139.    Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by forcing American Lodging to retain its own professionals to help properly adjust the covered loss.

140.    Despite receipt of American Lodging's comprehensive estimate, Arch Specialty Insurance Company delayed and denied payment of covered benefits without a reasonable basis for doing so.

141.    Arch Specialty Insurance Company unreasonably delayed and denied American Lodging's claim to reduce overall claims payments.

142.    Arch Specialty Insurance Company unreasonably delayed and denied American Lodging's claim to increase profits.

143.    Arch Specialty Insurance Company unreasonably delayed and denied American Lodging's claim to maintain its loss ratio.

144.    Arch Specialty Insurance Company unreasonably delayed and denied American Lodging's claim to meet department goals.

145.    Arch Specialty Insurance Company unreasonably delayed and denied American Lodging's claim by providing financial incentives to its personnel, including Michael J. Cipollo, to determine claims handling.

146.    Arch Specialty Insurance Company unreasonably delayed and denied American Lodging's claim by motivating its claims department to pay less on claims, such as American Lodging's claim for damages, than what is otherwise owed.

147.    Arch Specialty Insurance Company unreasonably delayed and denied American Lodging's claim to reduce the average amount paid on overall claims.

148.     Arch Specialty Insurance Company unreasonably delayed and denied American

Lodging's claim by asserting coverage positions that it knew were without merit.

149.     Arch Specialty Insurance Company continues to unreasonable delay and deny in

excess of $2,000,000.00 in covered benefits without a reasonable basis.

150.     The actions of Arch Specialty Insurance Company were intended to dissuade

American Lodging in pursuing benefits due and owing under the terms of the Policy.

151.     Based upon the foregoing Paragraphs is therefore entitled to two times the covered

benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment

interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, American Lodging, Inc., respectfully requests this Court enter

judgment against Defendant, Arch Specialty Insurance Company, for damages authorized pursuant

to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to

applicable law, and other such relief as the Court deems appropriate.

## <u>REQUEST FOR JURY TRIAL</u>

152.     American Lodging requests trial by jury with respect to all claims and issues triable

to a jury.

Respectfully submitted this 5th day of March, 2018

> <u>/s/ Jonathan E. Bukowski</u>
> Larry E. Bache, Jr.
> Jonathan E. Bukowski, Esq.
> Merlin Law Group, PA
> 1001 17th Street, Ste. 1150
> Denver, CO 80202
> Telephone:  720-665-9680
> Facsimile:   720-665-9681
> E-Mail: lbache@merlinlawgroup.com
> E-Mail: jbukowski@merlinlawgroup.com